IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00586-KDB-DCK

| | |
|---|---|
| XIAOHONG SUN,<br><br>    Plaintiff,<br><br>v.<br><br>TOBY BRYAN PORTER, BOB GOUDZWAARD, THERESIA MOSER, LIBBY KRAL, MOSER LAW CO., JOHN DOE 1, AND JOHN DOE 2,<br><br>    Defendants. | **ORDER** |

    **THIS MATTER** is before the Court on Plaintiff's Motions to Amend/Correct Complaint (Doc. No. 6), and to Expedite (Doc. No. 10) the Court's response to her Motion to Amend/Correct Complaint. The Motions come after the Court granted Plaintiff's Motion to proceed in forma pauperis but dismissed the Complaint on August 7, 2025, for lack of jurisdiction because Plaintiff neither asserted a federal claim, nor that the parties were diverse. *See* Doc. No. 4. In her Motion to Amend, Plaintiff asks the Court to allow her to file an Amended Complaint, which she attaches to her Motion, and which she claims addresses the jurisdictional deficiency because the Court ought to consider her a resident of a different state.

    Specifically, Plaintiff also asks the Court to consider her a "resident" of Illinois, although she lives in North Carolina and has no place of residence in Illinois. Doc. No. 6 at ¶ 22. To establish a domicile in a State for purposes of diversity jurisdiction, "it must be shown that the individual has a physical presence in that State with 'an intent to make [that] State a home.'" *Reddy v. Buttar*, 38 F.4th 393, 400 (4th Cir. 2022) (quoting *Johnson v. Advance Am., Cash Advance Ctrs. of S.C.,*

1

*Inc.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). *See also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "Determining a party's intent requires an examination of the totality of the circumstances, including 'current residence, voting registration and voting practices, location of personal and real property; location of brokerage and bank accounts; memberships in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes.'" *UDX, LLC v. Heavner*, 533 B.R. 511, 515–16 (M.D.N.C. 2015) (quoting *Hanks v. Coan,* No. 1:99CV00119, 1999 WL 1938851, at *3 (M.D.N.C. Aug. 17, 1999) (additional citation omitted). Further, once established, a domicile "is presumed to continue until it is shown to have been changed," with the burden of proof residing with the person claiming the domicile has changed. *Reddy v. Buttar*, 38 F.4th 393, 400 (4th Cir. 2022) (quoting *Mitchell v. United States*, 88 U.S. 350, 353 (1874)).

Plaintiff appears to state that while she prefers to be a resident of Illinois and maintained a residence until approximately 2023, she moved to North Carolina in 2012 for work and has stayed, even though her job ended in 2022, and she wants to return to Illinois. Doc. No. 6 at ¶¶ 31, 35. Her Illinois identification appears to have expired in 2023. *Id.* at ¶ 31. Her last trip to Illinois was "prior to the pandemic." *Id.* at ¶ 33. She suggests that because the events of the case occurred between 2012 and 2022, when she claims to have been an Illinois "resident" despite living and working in North Carolina, she should be considered domiciled in Illinois for purposes of her lawsuit. *Id.* at ¶ 35. Finally, she contends that while a "few" of her financial statements still go to the Chicago address she no longer has, her other "financial statements, credit cards, [and] bank account[ statements]" stopped going there in 2023, when she gave up the residence. *Id.* at ¶ 30. The Court, therefore, infers that the bulk of her mail comes to her address in North Carolina, and has since 2023. Although Plaintiff claims that she has "not fully moved to" North Carolina, *see id.* at ¶ 25,

the Court finds that under the totality of the circumstances, she is domiciled in North Carolina. Indeed, Plaintiff has continuously lived in North Carolina for well over a decade and gets her mail here, and even though her job ended in 2022, she has stayed, going so far as to give up her residence and Illinois identification in 2023.

As the Court explained when it dismissed Plaintiff's Complaint, unless a matter involves one of the few areas over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331 ("federal question jurisdiction"), or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction"). *See Piedmont Roofing Servs., LLC v. Universal Prop. & Cas. Ins. Co.*, No. 522CV00154KDBDSC, 2023 WL 196461, at *2 (W.D.N.C. Jan. 17, 2023). Because Plaintiff is domiciled in North Carolina, and she alleges claims against numerous North Carolina citizens–none of which involve a federal question–she has not cured the deficiency that resulted in her original Complaint being dismissed. Because the Court does not have jurisdiction over Plaintiff's claims, it will deny her Motions and the matter will remain closed.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motions to Amend/Correct Complaint (Doc. No. 6), and to Expedite (Doc. No. 10) are **DENIED**; and

2. The Clerk is directed to leave this matter closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 28, 2025

Kenneth D. Bell
United States District Judge