IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00586-KDB-DCK

| | |
|---|---|
| XIAOHONG SUN, <br><br> Plaintiff, <br><br> v. <br><br> THERESIA MOSER; ET AL., <br><br> Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration of the Court's decision to deny her Motions to Amend, (Doc. Nos. 12-13), which followed the Court's dismissal of the Complaint. (Doc. No. 4). The Court has carefully considered this motion and Plaintiff's other filings, thereby fully reconsidering its dismissal of this action. However, having done so, the Court again finds that Plaintiff has failed to establish the Court's jurisdiction over all the remaining Defendants or plausibly allege a valid claim. Therefore, the Court will **DENY** the motion and affirm its earlier dismissal.

## I.  LEGAL STANDARD

Because Plaintiff has been permitted to proceed In Forma Pauperis ("IFP"), the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the

1

liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## II. DISCUSSION

Plaintiff has sued numerous individuals connected with Bank of America related to her unsuccessful efforts to obtain a position as an employee (rather than a contractor) at the company. Specifically, she alleges that she was libeled, which led to her being denied an employment offer and then "blacklisted," causing her to be denied other opportunities. No federal claims are alleged. She asserts that the Court has "diversity" jurisdiction over her state law claims. Previously, the Court dismissed the action because Plaintiff and some of the Defendants were alleged to be citizens of North Carolina, which destroyed diversity. *See* Doc. No. 4 at 2-3.

Although her Amended Complaint still contains ten claims directed against North Carolina residents, Plaintiff states that she is no longer pursuing any claims against them (indeed, she says that all North Carolina residents have been dropped as Defendants to create diversity jurisdiction). Her remaining claims are asserted against Brooke Bathras, an in-house Labor and Employment attorney at Bank of America in Wilmington, Delaware; Theresia Moser, an attorney in Atlanta, Georgia; and her law firm, Moser Law Co. *See* Doc. No. 6-1 ("Amended Complaint") at ¶ 400. As to those Defendants, Plaintiff alleges that they are liable for breach of contract / implied contract, negligence, gross negligence, legal malpractice and conspiracy related to a 2022 investigation undertaken to respond to Plaintiff's employment-based complaints described above (which involve conduct from 2013-2016 that Plaintiff acknowledges is well outside the period of limitations).

Even accepting Plaintiff's argument that her agreement not to pursue the claims in the Amended Complaint against North Carolina residents allows the Court to exercise its diversity jurisdiction under 28 U.S.C. §1332, the Court must still have personal jurisdiction over the remaining Defendants. In deciding whether this Court has personal jurisdiction, the Court must determine: (1) whether the North Carolina long-arm statute confers personal jurisdiction; and (2) whether the exercise of that statutory power will violate the due process clause of the U.S. Constitution. *Renfinity, Inc. v. Jones*, No. 320CV00422KDBDSC, 2022 WL 332782, at *1–3 (W.D.N.C. Feb. 3, 2022). Because the North Carolina long-arm statute extends jurisdiction to the bounds of due process, the statutory inquiry ultimately merges with the constitutional inquiry, becoming one. *See ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).

Under this due process analysis, a court may exercise personal jurisdiction "if the defendant has 'minimum contacts' with the forum, such that to require the defendant to defend its interest in that state 'does not offend traditional notions of fair play and substantial justice.' " *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980) (explaining that this principle "protects ... defendant[s] against the burdens of litigating in a distant or inconvenient forum" and "acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system"); *see also Wallace v. Yamaha Motors Corp, U.S.A.*, No. 19-2459, 2022 WL 61430, at *2–3 (4th Cir. Jan. 6, 2022). There are two types of constitutionally permissible personal jurisdiction – general and specific – but only specific jurisdiction might apply here to these residents of Delaware and Georgia. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.,*

3

*S.F. Cnty.*, 582 U.S. 255, 262 (2017) (referring to general jurisdiction as "all-purpose" jurisdiction and specific jurisdiction as "case-linked" jurisdiction).

To decide whether specific jurisdiction exists, the Court must consider "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.' " *Carefirst*, 334 F.3d at 396 (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002)). For the first element, a defendant has availed itself of the privilege of conducting business in a state—and thus the benefits and protections of the state's laws—when the defendant " 'deliberately' has engaged in significant activities within a [s]tate" or "has created 'continuing obligations' between [itself] and residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985) (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 (1984), and *Travelers Health Ass'n v. Virginia ex rel. State Corp. Comm'n*, 339 U.S. 643, 648 (1950)). This standard "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts," or due to "the 'unilateral activity of another party or a third person.' " *Id.* at 475 (quoting *Keeton*, 465 U.S. at 774, *World-Wide Volkswagen*, 444 U.S. at 299, and *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

For the second element—whether a plaintiff's claims arise out of a defendant's activities directed at the state—"there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.' " *Bristol-Myers*, 582 U.S. at 262 (alteration in original). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.*

4

For the third element, the Court considers the constitutional reasonableness of exercising jurisdiction by evaluating several factors, including "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 217 (4th Cir. 2001) (quoting *Burger King*, 471 U.S. at 477). In other words, the exercise of jurisdiction should not "make litigation 'so gravely difficult and inconvenient' that a party is unfairly at a 'severe disadvantage' in comparison to his opponent." *Id.* (quoting *Burger King*, 471 U.S. at 478).

Ms. Bathras is a Delaware resident, who is being sued as an individual (for work plainly within the scope of her employment at Bank of America). While Plaintiff alleges that she was harmed in North Carolina by the investigation, the Court lacks personal jurisdiction over Bathras. Bathras' alleged role consisted of engaging a Georgia lawyer / law firm to investigate Plaintiff's claims then supervising the investigation from Delaware as in-house counsel. In fact, Plaintiff alleges that Bathras never spoke to her or had any direct involvement in any activities in North Carolina. Amended Complaint ¶¶ 16, 398. In the absence of allegations that Bathras deliberately engaged in significant activities within North Carolina sufficient to support the conclusion that it would be constitutionally reasonable to require Bathras to defend herself in this Court, the Court cannot properly exercise personal jurisdiction over Bathras and the claims against her must be dismissed. In other words, the Court cannot exercise personal jurisdiction over a Delaware employee simply because her work involved a fellow employee in North Carolina.

The Moser Defendants stand in a different jurisdictional posture. They are alleged to have accepted a legal engagement that involved conducting an employment investigation in North Carolina, conducted the investigation at least in substantial part in North Carolina (including communications with the Plaintiff) and it would at least plausibly be constitutionally reasonable for them to defend themselves in this Court (subject to an opportunity for them to argue otherwise). Therefore, the Court will not dismiss Plaintiff's claims against them for lack of personal jurisdiction.

However, even if the Court has subject matter and personal jurisdiction over the Moser Defendants, Plaintiff still must allege facts sufficient to support a viable, plausible claim. All of Plaintiffs' claims against the Moser Defendants depend on proof of a contractual or attorney client relationship between them. While Plaintiff alleges those relationships in conclusory terms,[1] the factual allegations of the Amended Complaint show otherwise. Specifically, Plaintiff alleges that Ms. Moser and her law firm were retained and paid by Bank of America. Amended Complaint at ¶¶ 362, 374. Further, there are no allegations that the Moser Defendants told Plaintiff they would be representing her (even if Plaintiff "felt" Moser was her attorney). Therefore, Plaintiff has alleged insufficient facts to support a plausible claim arising out of a contractual or attorney-client relationship between Plaintiff and the Moser Defendants. *See United States v. Aramony*, 88 F.3d 1369, 1391 (4th Cir. 1996) (finding no attorney-client relationship between law firm hired by employer and employee arising from law firm's investigation related to employee). Accordingly, the claims against the Moser Defendants will be dismissed.

---

[1] Plaintiff has also made conclusory allegations that the Bank's voluntary investigation into Plaintiff's complaints (which did not involve any statutory discriminatory employment claims) somehow created a legal duty sufficient to support her negligence claims. As with the allegation of an attorney-client relationship, the Amended Complaint lacks facts to support the creation of an alleged legal duty.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Doc. No. 13) is **DENIED**; and

2. The Clerk is directed to retain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 16, 2025

Kenneth D. Bell
United States District Judge